OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated January 15, 2007, containing three charges of professional misconduct. After a preliminary conference on October 12, 2007, and a hearing on January 15, 2008, the Special Referee sustained only charges two and three. The Grievance Committee now moves to confirm in part and disaffirm in part the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent cross-moves to confirm the Special Referee’s report and limit any sanction imposed to an admonition.
Charge one alleges that the respondent neglected a legal matter entrusted to him by failing to file and serve a motion for a default judgment in an action in the Supreme Court, Queens County, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).
In or about June 2002, the respondent, as an associate with the law firm of Weinberg & Kert LLI^ prepared a summons and complaint on behalf of a client, Howard Kaufman, which was signed solely by Mr. Kaufman, who was ostensibly proceeding pro se. In or about July 2002, the respondent caused the summons and complaint to be filed in the Supreme Court, Queens County, and served on the defendants on Mr. Kaufman’s behalf.
In or about October 2002, Mr. Kaufman advised the law firm that the defendants had not answered the summons and complaint. The law firm directed the respondent to prepare, serve, and file motion papers on Mr. Kaufman’s behalf seeking to adjudicate the defendants in default. In or about November 2002, the respondent prepared the motion papers, including Mr. Kaufman’s affidavit, but failed to have those motion papers filed and served.
Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by *45 creating fictitious court documents and providing them to a client for the purpose of misleading the client about the status and progress of his lawsuit, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).
In or about May 2003, Mr. Kaufman contacted the law firm to inquire about the status of his lawsuit. The respondent thereafter began creating fictitious court documents, which he provided to Mr. Kaufman over a period of time, for the purpose of misleading him as to the status and progress of his lawsuit. The fictitious court documents which respondent created and provided to Mr. Kaufman included (a) a short form order dated April 23, 2003, issued and signed by the Honorable M. Ritholtz, granting Mr. Kaufman’s motion for a default judgment and referring the issue of damages to an inquest, (b) the defendant’s order to show cause, signed by the Honorable M. Ritholtz on September 12, 2003, seeking to set aside the default judgment, accompanied by defense counsel’s signed affirmation and the defendant’s signed, but not notarized, affidavit, (c) the respondent’s affirmation in opposition to the defendant’s order to show cause, dated October 8, 2003, (d) a preliminary conference stipulation and order dated March 17, 2004, signed by the respondent and defense counsel, and (e) a notice of compliance/ settlement conference scheduled for October 21, 2004, before the Honorable M. Ritholtz.
Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by creating fictitious court documents and providing same to a client for the purpose of misleading the client about the status and progress of his lawsuit, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge two.
Based on the respondent’s admissions to the factual allegations in the three charges and the evidence adduced at the hearing, the Special Referee erred in failing to sustain charge one. Accordingly, the Grievance Committee’s motion to confirm in part and disaffirm in part the report of the Special Referee should be granted, with the result that all three charges of the petition are sustained.
In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history.
In mitigation, the respondent asked the Court to consider the treatment he underwent to deal with his anxiety disorder, his *46 youth and inexperience, his efforts to address the issues and to voluntarily remove himself from the practice of law until such time as remedial measures could assure the nonrecurrence of similar behavior, and the absence of financial harm to the client, to whom full restitution was made. The client demanded, and was paid, $7,500 to resolve his claims against the law firm. The respondent paid $6,500 of that sum. In the respondent’s view, the restitution paid far exceeded any anticipated award by the courts.
Notwithstanding the mitigation advanced, the respondent’s fabrication of court documents to which he affixed a judge’s signature constitutes serious professional misconduct. Under the circumstances, the respondent is suspended from the practice of law for a period of three years.
Prudenti, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that the petitioner’s motion to confirm in part and disaffirm in part the Special Referee’s report is granted to the extent that all three charges of the petition are sustained; and it is further,
Ordered that the respondent’s cross motion to confirm the report of the Special Referee is granted to the extent that the second and third charges of the petition are sustained, and the cross motion is otherwise denied; and it is further,
Ordered that the respondent, Mark C. Kaley, admitted as Mark Christopher Kaley, is suspended from the practice of law for a period of three years, commencing January 27, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,
Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mark C. Kaley, admitted as Mark Christopher Kaley, shall desist and refrain from (1) practicing law in any form, *47 either as principal, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further, Ordered that if the respondent, Mark C. Kaley, admitted as
Mark Christopher Kaley, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).